ELLIOTT et al. *vs.* GRAY, for use, &c.

1. Sureties to a bond, given by a claimant of property levied on under execution, can not, *it seems*, on error from a judgment rendered against them, on such bond, object to any defect in the judgment against their principal, while that judgment remains in force.

2. That a jury, in determining an issue between a plaintiff in execution, and a claimant of property, levied on under it, have omitted to notice a portion of the property levied on; can not be objected, by the sureties to the bond of such claimant, in a proceeding against them, on such bond.

This was a writ of error, taken by the sureties to a bond, given by a claimant of property, levied on under execution. The record disclosed, that at the August term of the county Court of Madison, held in the year 1828, William Gray, for the use of another, recovered judgment against one Peter Borough; on which execution issued, and subsequently was levied upon sundry goods and chattels of the defendant; that one Francis Atkinson interposed his claim to said property, under the statute, and executed the usual bond, with the plaintiffs in error as his sureties. The papers being returned into the Circuit Court, a jury was impanneled, who found the property subject to the execution; and in their verdict, assessed the value of part only, of the goods levied upon.

Afterwards, the bond being returned forfeited, a writ of *scire facias ad satisfaciendum* was issued by the clerk, against Atkinson and his sureties; who took a writ of error from the judgment so entered by the clerk, and removed the case into this Court.

*McClung*, for the plf'fs. in error—*Thornton, contra.*

ELLIOTT et al. *vs.* GRAY, use, &c

LIPSCOMB, C. J.—William Gray for the use of James Gray recovered a judgment against one Peter Borough, for the sum of one hundred dollars and seventy cents, debt, and five dollars damage, and twelve dollars twelve and one half cents, cost.— An execution was sued out on this judgment, and was levied on several articles of personal property; all of which was claimed by Francis Atkinson, and bond given for the trial of the right thereof, with David McElhary and John R. Elliott securities. On the trial, the property was found to be subject to the execution, which was levied on it; and the jury found the value of a horse and a wagon at fifty dollars each, without finding the value of some articles levied on, and without any particular notice of them. The bond for the delivery of the property was forfeited; and execution was sued out on such forfeiture, against the securities, for the amount of the valuation of the horse and wagon, and cost. Atkinson, McElhary and Elliott, sued out a writ of error, and now assign for error, the omission of the jury to assess the value of the other articles levied on.

McElhary and Elliott were not parties to the judgment, on the issue for the trial of the right of property. And it is not from that judgment, that the writ of error is sued out, but it is from the judgment on the forthcoming bond. It may therefore be well questioned whether any defect in the judgment on the issue for the trial of the right of property, can be relied on, so long as that judgment remains in force, and not reversed.

The error however in not embracing the other

4 s. & p.                22

property, is such an one as can be of prejudice to no one, but the plaintiff in the execution. He does not seek satisfaction out of the securities, for that property. He only pursues them for the value of the property assessed by the Jury.

Judgment affirmed.